■ In the Matter of Lidia Uzwij, Respondent, v Harvey Robins, Appellant, et al., Respondents.—In a proceeding pursuant to CPLR article 78, seeking, *inter alia,* to direct the respondent Harvey Robins, as Acting Commissioner of the New York City Department of Social Services (hereinafter the Commissioner) to provide the petitioner with an emergency grant for certain rent arrears and a regular recurring grant of public assistance, the Commissioner appeals from a judgment of the Supreme Court, Kings County (Shaw, J.), dated December 3, 1986, which, *inter alia,* granted the petition.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof granting the petition in all respects, directing the Commissioner to pay $1,919.94 as an emergency grant representing all rental arrears through December 31, 1986, and to provide a regular recurring grant of public assistance to the petitioner, and substituting therefor provisions (1) authorizing the petitioner to present any available records or documents to support her statements concerning her eligibility for assistance to her local social services district, and (2) directing the Commissioner to issue a determi-

nation on the petitioner's application for an emergency grant and a regular recurring public assistance grant within 10 working days of the local social services district's receipt of available documentation from the petitioner; as so modified, the judgment is affirmed, without costs or disbursements. The petitioner's time to present evidence of her eligibility for assistance is extended until 20 days after service upon her of a copy of this decision and order, with notice of entry; the automatic stay which arose by the taking of the appeal from the judgment herein shall continue for 20 days after service upon the petitioner of a copy of this decision and order, with notice of entry, and, in the event that the petitioner presents evidence of her eligibility for assistance within the 20-day period, the stay shall continue pending the Commissioner's determination.

Although the record on this appeal provides limited factual details, it reveals that the petitioner apparently suffered a protracted illness and has been unable to work since April 1986. She claims that she has depleted all of her savings and has become "emotionally and financially destitute". As a result, the petitioner fell behind on her rent payments to her landlord, the respondent Banner Realty Co., who was successful in obtaining a judgment and a warrant of eviction against her. At some point, the petitioner applied to her local social services district office for emergency assistance to cover her rent arrears and to pay her outstanding electricity bills, as well as for a regular grant of public assistance benefits.

The petitioner was given an appointment for September 24, 1986, to present the following documents to the social services center: an application for unemployment insurance benefits (since the petitioner had been employed for 15 years), a statement explaining why she is unable to work, a letter stating how she supported herself from April 1986 to September 1986, a letter stating how she will pay the difference between the scheduled shelter allowance of $193 and her actual rent of $319.50 in the future, and a money order in an amount representing the difference between the petitioner's actual rent and the maximum allowance.

Apparently, when the petitioner received a "72-Hour Notice" of eviction, and faced imminent eviction, rather than waiting to appear at her scheduled interview at the social services center, she commenced this proceeding by order to show cause dated September 18, 1986, seeking to direct the Commissioner to provide her with emergency assistance to pay her outstanding rent and electricity bills, and for a

regular grant of public assistance. Pending the hearing and determination of the petition, the respondent Banner Realty and the city Marshal were restrained from taking any action to evict the petitioner from her home, and Consolidated Edison was restrained from terminating the petitioner's electrical service.

In his verified answer, the Commissioner asserted as an affirmative defense that the petitioner failed to exhaust her administrative remedies. He also argued that an emergency grant would not be available to cover the full amount of the petitioner's rent arrears since her actual monthly rent far exceeded the maximum scheduled shelter allowance under the applicable regulations (see, 18 NYCRR 372.4).

Following oral argument, the court granted the petition in all respects, and directed the Commissioner to "pay $1919.94 as an emergency grant to respondent Banner Realty Co. on behalf of Petitioner representing all rental arrears through December 31, 1986", and to "provide a regular recurring grant for a family of one to petitioner including food stamps, medicaid and a utility guarantee letter".

Shortly thereafter, the New York City Department of Social Services issued a revised policy concerning the payment of rent arrears which exceed the maximum shelter allowance. In a memorandum dated January 23, 1987, from the Acting Deputy Commissioner for Income Maintenance Programs, social services center directors were advised as follows:

"Current policy for both applicants and recipients who are threatened with the loss of their apartment, limits the amount of rent arrears that can be paid to the public assistance maximum shelter allowance.

"Effective immediately, staff will submit requests for *applicants* to meet rent arrears in situations where the rent exceeds the maximum public assistance shelter allowance and the applicant cannot pay the excess, for approval as an exception to policy".

Thus, with respect to the petitioner's application for an emergency grant to cover her rent arrears, the revised policy eliminates the Commissioner's asserted affirmative defense that the applicable regulations prohibit a grant in an amount equal to the petitioner's actual rent because it exceeds the maximum shelter allowance.

We reject the Commissioner's contention that the petitioner was required to exhaust available administrative remedies prior to seeking judicial intervention by way of this proceed-

ing. Regardless of what the petitioner should have done in the past, faced with imminent eviction, it would have been futile for the petitioner to pursue the agency's application process and await its determination *(see, Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52; *Matter of Schanbarger v Albany County Social Servs. Commr.,* 104 AD2d 697, *lv denied* 63 NY2d 610; *Matter of Borders v Nassau County Dept. of Social Servs.,* 34 AD2d 805).

However, given the present posture of this proceeding, we find that the court acted prematurely in granting the petition in all respects. There is no final determination which can be reviewed, and the record does not contain sufficient facts to determine the merits of whether the petitioner is entitled to public assistance. Under the applicable regulations *(see,* 18 NYCRR 350.7 [c]), it is "the joint responsibility of the local department and the applicant for exploring all facts concerning eligibility, needs and resources, and the applicant's responsibility for securing, wherever possible, records or documents to support his statements". The regulations also require an investigation, properly documented, of factors affecting eligibility, including the applicant's income, savings or other resources, and the availability of assistance or services under some other program *(see,* 18 NYCRR 351.1). In order to prevent the petitioner from being evicted, and to provide the Commissioner with the opportunity to render a proper determination as to the petitioner's eligibility for benefits, the automatic stay which arose by the taking of the appeal from the judgment herein shall continue for 20 days after service upon the petitioner of a copy of this decision and order, with notice of entry, and, in the event that the petitioner presents evidence of her eligibility for assistance within the 20-day period, the stay shall continue pending the Commissioner's determination. Thompson, J. P., Brown, Rubin and Harwood, JJ., concur.