■ In the Matter of GOOD SAMARITAN HOSPITAL, Respondent-Appellant, v DAVID AXELROD, as Commissioner of the New York State Department of Health, et al., Appellants-Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of Empire Blue Cross/Blue Shield of Greater New York on behalf of David Axelrod, as Commissioner of the New York State Department of Health, dated December 31, 1985, which denied an application of the petitioner Good Samaritan Hospital for an increase in its certified rates for Medicaid, Medicare and Blue Cross per diem reimbursement, Empire Blue Cross/Blue Shield of Greater New York and the Commissioner of the New York State Department of Health appeal (1) from an order and judgment (one paper) of the Supreme Court, Rockland County (Edelstein, J.), entered January 29, 1987, which denied their motions to dismiss the proceeding on the ground that the petitioner had failed to exhaust its administrative remedies, and granted the petition to the extent of (a) annulling the retroactive application of the 110% limitation of 10 NYCRR 86-1.17 (a) (4) to the petitioner's 1984 and 1985 reimbursement rates, (b) enjoining the application of the 110% limitation in calculating the petitioner's reasonable and necessary operating costs for the 1984 and 1985 rate years, and (c) directing Empire Blue Cross/Blue Shield of Greater New York to recalculate the petitioner's reasonable and necessary operating costs for the 1984 and 1985 rate years, and (2) from so much of an order of the same court, entered May 8, 1987, as, upon reargument, adhered to the original determination, and the petitioner filed a notice of cross appeal from the order entered May 8, 1987.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the appeal from the order and judgment entered January 29, 1987 is dismissed, as the order and judgment was superseded by the order entered May 8, 1987, made upon reargument; and it is further,

Ordered that the order entered May 8, 1987 is affirmed insofar as appealed from; and it is further.

Ordered that the petitioner is awarded one bill of costs.

The petitioner Good Samaritan Hospital is a not-for-profit corporation duly organized pursuant to the laws of the State of New York and located in Suffern, in Rockland County. In December 1979 the Community Hospital of Rockland County

closed, leaving the petitioner and one other hospital as the only hospitals remaining in Rockland County. In November 1982 in order to accommodate its increasing patient load due in large part to the closing of the Community Hospital of Rockland County, the petitioner undertook a major expansion and renovation project which included, *inter alia,* a 64% increase in plant capacity and the addition of 74 patient beds. Prior to undertaking this project, the petitioner obtained the approval of the appellant Commissioner of the New York State Department of Health. In granting approval the Commissioner made a specific finding that adequate financial resources, including third-party reimbursement revenues from Medicare, Medicaid and Blue Cross, would be available to support the anticipated increased operating costs associated with the petitioner's expanded facilities. In 1983, after the petitioner's expansion had begun, the Commissioner promulgated an amendment to 10 NYCRR 86-1.17 (a) (4) which set forth the procedure whereby a hospital could appeal the Commissioner's calculation of its per diem third-party reimbursement rates. Prior to the amendment, a hospital could obtain increased reimbursement rates based upon the actual and projected operating costs resulting from capital expansion and renovation. As amended, 10 NYCRR 86-1.17 (a) (4) (i) *(d)* limited a hospital's revised per diem reimbursement rate after completion of an expansion project to 110% of the average operating per diem costs of the "peer" group (10 NYCRR 86-1.13) of hospitals with which the facility had been "seed cluster[ed]" by the Commissioner prior to the expansion project.

The appellants-respondents' principal argument is that the court erred in denying their motion to dismiss because the petitioner failed to exhaust available administrative remedies prior to seeking judicial intervention in this proceeding. Although the doctrine of exhaustion of administrative remedies normally requires that a party first exhaust all available administrative channels before looking to the courts for relief *(see,* CPLR 7801 [1]; *Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57), the exhaustion rule is not inflexible and need not be followed where to do so would be futile or would cause irreparable injury *(see, Watergate II Apts. v Buffalo Sewer Auth., supra; Matter of Uzwij v Robins,* 133 AD2d 695, 698). In the instant case, resort to the administrative appeal process would be futile because the Commissioner's own regulations do not permit a remedy which would afford the petitioner adequate relief from the 110% reimbursement ceiling, namely,

calculation of a new reimbursement rate for operating costs based upon a comparison with hospitals with which the petitioner has been regrouped as a consequence of its expanded size. In any event, the Commissioner has already demonstrated its commitment to apply the 110% reimbursement ceiling on the basis of the petitioner's preexpansion peer group average operating per diem costs.

We also conclude that exhaustion of the available administrative remedies will cause irreparable harm. The denial of increased third-party reimbursement based upon the amended regulation imposing a 110% ceiling has resulted in the underutilization of the expanded facilities with an associated loss of revenue. At the same time, the petitioner must bear the costs of the expansion project together with the costs of maintaining the expanded facilities. The loss of services to the petitioner's patient community as well as the enormous economic strain suffered by the petitioner adequately demonstrate that this case comes within the irreparable injury exception to the exhaustion doctrine.

Turning then to the substantive argument, we hold that the Commissioner's retroactive application of the 110% limitation on third-party reimbursement was arbitrary and capricious *(see, Jordan Health Corp. v Axelrod,* 67 NY2d 935, 936-937; *see also, Bowen v Georgetown Univ. Hosp.,* 488 US —, —, 109 S Ct 468, 471). The Commissioner approved the petitioner's expansion project prior to the amendment to the regulations which created the 110% ceiling on third-party reimbursement. At the time of approval, the Commissioner also determined, presumably on the basis of the reimbursement methodology then applicable, that third-party reimbursement revenues would be increased to reflect additional operating costs of the expanded facilities. The Commissioner's retroactive application of the amended regulation means that increased sources of third-party revenues will not be available to meet the increased operating costs. Thus, the petitioner has been penalized for relying upon the law in effect at the time its expansion project was undertaken and also for relying upon the Commissioner's approval. As the United States Supreme Court stated in its recent decision in *Bowen v Georgetown Univ. Hosp. (supra,* at —, at 471): "Retroactivity is not favored in the law. Thus * * * administrative rules will not be construed to have retroactive effect unless their language requires this result". There is no indication that the amended regulation at issue was intended to be applied retroactively. Therefore, the Supreme Court properly directed the Commis-

sioner to recalculate the petitioner's reimbursement rates for the 1984 and 1985 rate years. Thompson, J. P., Lawrence, Rubin and Balletta, JJ., concur.