■ In the Matter of QUEENS-NASSAU NURSING HOME, INC., Appellant, v LORNA McBARNETTE, as Acting Commissioner of the New York State Department of Health, et al., Respondents. [627 NYS2d 848] —Mikoll, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered February 23, 1994 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Acting Commissioner of Health revising petitioner's Medicaid reimbursement rates.

The nursing home facility which is the subject of this proceeding went into receivership on April 14, 1986. The receivership corporation then operating the facility filed an initial six-month cost report and received a new Medicaid reimbursement rate based upon its operating costs, pursuant to regulations 10 NYCRR 86-2.2 and 10 NYCRR former 86-2.10 (k). Two of the three members of the receivership corporation formed petitioner corporation, which purchased the nursing home and became its new operator, effective December 18, 1988. Subsequently, petitioner filed its initial six-month cost report for the period December 18, 1988 through June 30, 1989. Petitioner then received a new reimbursement rate, effective April 30, 1991, lower than the receivership's reimbursement rate because petitioner's operating costs were lower than the costs of the receivership.

Petitioner thereafter commenced this CPLR article 78 proceeding challenging the revised lower reimbursement rate, contending, *inter alia*, that 10 NYCRR 86-2.10 (k) (5), which went into effect June 14, 1989, removed the requirement that the Medicaid reimbursement rate be revised based upon a new

operator's costs when the new operator is, as here, closely related to the preceding operator. Respondents argued in Supreme Court that 10 NYCRR 86-2.10 (k) (5) only applied to changes in operations occurring after the effective date of the regulation, June 14, 1989, and not retroactively, even though petitioner's six-month cost report period ended on June 30, 1989, two weeks following the regulation's effective date.

Supreme Court, noting that the retroactive application of agency regulations is not favored unless it is so provided and that the regulation sub judice, was silent in that respect, concluded that respondents' interpretation of the regulation was rational and dismissed the amended petition.

On this appeal petitioner primarily argues that respondents have improperly refused to apply their own regulation (10 NYCRR 86-2.10 [k] [5]) and given it a tortured interpretation to avoid applying it retroactively for the "obvious" purpose of minimizing petitioner's reimbursement rates. We disagree. While the purpose of the regulation is to effect a policy of change by eliminating rate changes resulting from transfers of nursing homes between associated owners, to counter an abusive practice (see, 11 NY Reg, at 24 [Mar. 15, 1989]), the regulation does not provide for any retroactive effect. As Supreme Court noted, retroactivity is not favored in regulatory changes and regulations will not be given retroactive effect absent language requiring that result (see, Matter of Good Samaritan Hosp. v Axelrod, 150 AD2d 775, 777, lv denied 75 NY2d 703). This regulation applies to the entire industry and not merely to petitioner's present situation. Had petitioner's costs increased, entitling it to a reimbursement rate increase, it would have paralleled the situation in Matter of Good Samaritan Hosp. v Axelrod (supra), where such retroactive application was ruled arbitrary and capricious.

Additionally, the Commissioner's interpretation of a regulation "is 'controlling and will not be disturbed in the absence of weighty reasons' " (Matter of Cortlandt Nursing Care Ctr. v Whalen, 46 NY2d 979, 980, quoting Matter of Sigety v Ingraham, 29 NY2d 110, 114). Petitioner has shown that respondents' interpretation results in a decrease in petitioner's revenues, but not that it lacks rationality. Consequently, deference should be given to respondents' interpretation (see, Matter of Sylcox Nursing Home & Health Related Facility v Axelrod, 184 AD2d 986, 988, lv denied 80 NY2d 761; Matter of Grace Plaza v Axelrod, 121 AD2d 799, 801).

Petitioner's assertion that respondents' interpretation of the regulation operates to unfairly impose a penalty on petitioner

is also without merit. There is no indication that the rates imposed do not reflect petitioner's actual expenses.

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.