■ In the Matter of JOSEPH J. PAENO, Petitioner, v H. CARL MCCALL, as State Comptroller, et al., Respondents. [652 NYS2d 364] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for performance of duty disability retirement benefits and accidental disability retirement benefits.

In December 1990, petitioner, a firefighter, was injured while operating a miniloader to clear snow from the fire station premises where he worked. Immediately following the incident petitioner was able to continue work; however, shortly thereafter he underwent surgery for an unrelated problem followed by a period of recuperation. In May 1991, petitioner was ordered back to work; after working for approximately $2^1/_2$ hours, he went home. Thereafter, in the summer of 1992, he was again ordered back to work and was assigned to light duty. On October 20, 1992 petitioner applied for accidental and performance of duty disability benefits alleging that he was dis-

abled as a result of the 1990 accident and in November 1992 he retired stating that he was unable to perform his light duty assignments; both disability applications were eventually disapproved. Petitioner requested a hearing after which respondent Comptroller, by decision dated September 21, 1995, also denied the applications. Petitioner then commenced this proceeding.

We confirm. There is substantial evidence in the record to support the Comptroller's conclusions that petitioner failed to sustain his burden of proving that he was permanently incapacitated from performing his job duties or that his injuries were the proximate cause of his present complaint (see, Matter of Keller v Regan, 212 AD2d 856). Only one of the four physicians who appeared at the hearing testified that there was objective medical evidence of petitioner's disability; the responsibility to evaluate the conflicting medical evidence was the Comptroller's, who was free to accept one opinion over that of another (see, Matter of Fletcher v McCall, 215 AD2d 860; Matter of Longendyke v Regan, 195 AD2d 695). Moreover, the record supports the Comptroller's conclusion that there was no evidence at the hearing, "except from the testimony of [petitioner], that he could not perform the light duty assignments that were required of him".

We also reject petitioner's contention that the decision to deny benefits was based on an incorrect legal standard. The Comptroller was not required to determine whether petitioner was physically incapacitated from performing his normal duties; rather the Comptroller was free to, and did, correctly determine that the evidence failed to establish that petitioner could not perform the light duty assignments required of him (see, Matter of Leger v New York State Comptroller, 212 AD2d 901, lv denied 86 NY2d 707). Further, petitioner's assertion that new regulations promulgated by the Comptroller (see, 2 NYCRR 364.1 et seq.) support a different conclusion is misplaced. The effective date of the new regulations, September 27, 1995, was clearly subsequent to the date of the Comptroller's decision in this case and the new regulations do not state that they are to be applied retroactively. We have considered petitioner's remaining arguments and find them to be without merit.

Mikoll, J. P., Casey, Yesawich Jr. and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.