■ In the Matter of WILLIAM KILFOILE, Petitioner, v H. CARL McCALL, as Comptroller of New York State, et al., Respondents. [657 NYS2d 528] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for disability retirement benefits.

Petitioner was employed as a correction officer in October 1976. He sustained a work-related injury to his knee in August 1987 but returned to work after approximately six weeks. In 1989, petitioner resigned his position with the Department of Correctional Services in order to accept an appointment as an investigator for the Department of Law. Petitioner was discharged from that position after only four months, however, due to his inability to pass a physical examination. He then returned to the Department of Correctional Services, which employed him under the job title of "Correction Officer, Senior Investigator" with restricted in-house duties appropriate for his physical condition, such as filing, answering phones and dispatching. In January 1991, petitioner underwent knee surgery. He did not return to work thereafter; rather, he applied for disability retirement benefits under Retirement and Social Security Law § 507-a. The application was disapproved and, following a hearing, respondent Comptroller concluded that petitioner had failed to establish that he is permanently

incapacitated from performing the restricted in-house administrative duties he had performed prior to his application for disability benefits. Petitioner then commenced this CPLR article 78 proceeding.

We confirm. We are unpersuaded by the central thesis underlying the petition, i.e., that, because there is no express provision authorizing or directing light duty assignments for correction officers (*cf.*, General Municipal Law § 207-c [police officers]; General Municipal Law § 207-a [firefighters]), the issue of permanent disability is to be determined by gauging petitioner's physical capabilities against the duties of a correction officer assigned to a correctional facility, even if he was not required to perform those duties. We are unable to discern any such limitation from our prior decisions (*see, e.g., Matter of Paeno v McCall*, 235 AD2d 766; *Matter of Leger v New York State Comptroller*, 212 AD2d 901, 902, *lv denied* 86 NY2d 707; *Matter of Glaski v Regan*, 115 AD2d 111, 111-112) and conclude that the proper inquiry is whether petitioner was capable of performing the actual light-duty assignment he received following his 1989 rehire. Although petitioner's orthopedic surgeon testified that petitioner is permanently disabled with regard to the regular duties of a correction officer assigned to a correctional facility, medical experts for both parties agreed that petitioner was able to perform the restricted in-house administrative duties he was assigned between 1989 and 1991. Absent any evidence that petitioner was permanently incapacitated from performing those restricted duties, we find no reason to disturb the Comptroller's determination (*see, Matter of McCabe v New York State Employees' Retirement Sys.*, 221 AD2d 796).

Petitioner's remaining contentions have been examined and found to be without merit.

Cardona, P. J., White, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.