In the Matter of FREDERICK P. ZAJDOWICZ, Petitioner, v NEW YORK STATE AND LOCAL POLICE AND FIRE RETIREMENT SYSTEM et al., Respondents. [699 NYS2d 844] —Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's requests for accidental and performance of duty disability retirement benefits.

Petitioner joined the Buffalo Fire Department in 1968 as a firefighter and in 1978 was appointed to the position of fire inspector. On June 26, 1992, he applied for accidental and performance of duty disability retirement benefits based on a series of 12 incidents spanning a 26-year period, the most recent of which was a knee injury on January 20, 1992. In October 1992, while his applications were pending, petitioner returned to work and was assigned light duty. On March 16,

1993, petitioner injured himself again, and was off-duty for five weeks. He returned to light duty until June 1993, when he had knee surgery, and was thereafter out of work until October 1993, when he again resumed light duty.

Meanwhile, petitioner's applications were denied by the Comptroller in March 1993 on grounds that he was not permanently incapacitated from the performance of duties as a fire inspector and that the incidents alleged did not constitute accidents. Following petitioner's timely objection to the Comptroller's determination, a hearing was held on January 5, 1995. Petitioner's expert medical witness, Michael Grant, testified as to petitioner's physical condition; however, it became clear that he did not begin to treat petitioner until July 1993. Since rejection of petitioner's application was based on his condition prior to June 1992, it was determined that petitioner would file new applications as to which Grant's testimony would be appropriate.

Petitioner then reapplied for benefits on February 3, 1995, adding the subsequent March 1993 incident. After these applications were disapproved, petitioner's hearing resumed in October 1996. Petitioner testified as to the various incidents on which his applications were based, Grant testified as to petitioner's condition as of July 28, 1993 and thereafter, and respondents offered the testimony of William Rogers, an orthopedic surgeon. The Hearing Officer issued findings, subsequently adopted by the Comptroller, that petitioner was not disabled within the meaning of the Retirement and Social Security Law because he could perform light duty and that the incident relied upon by petitioner in support of his claim for accidental disability was not an accident. Petitioner thereafter commenced this CPLR article 78 proceeding seeking to annul the Comptroller's determination.

The Comptroller has exclusive authority to determine applications for retirement benefits and such determinations will be upheld so long as they are supported by substantial record evidence (*see, Matter of Sledge v New York State Police & Firemen's Retirement Sys.*, 199 AD2d 944; *Matter of Rubinski v New York State & Local Police & Fire Retirement Sys.*, 156 AD2d 888, 889). Here, although it was uncontroverted that petitioner was disabled from his duties as a firefighter, there was no evidence that he was disabled from performing the duties of a fire inspector, including light-duty assignments. Prior to enactment of 2 NYCRR 364.3 (a), the operative standard for determining disability was whether an applicant was capable of performing the duties actually required of him (*see,*

e.g., *Matter of Paeno v McCall*, 235 AD2d 766; *Matter of Leger v New York State Comptroller*, 212 AD2d 901, *lv denied* 86 NY2d 707). Applying this standard, petitioner's claim for benefits was properly denied based on his own doctor's concession that he was capable of performing light-duty work.

Petitioner argues, however, that the Comptroller improperly failed to determine his application with reference to the recently enacted regulation contained in 2 NYCRR 364.3 (a), which provides that where an applicant for disability retirement benefits has been on light duty for less than two years prior to the date of the application, disability will be determined with reference to the full duties of the applicant's position; where the applicant has been on light duty for more than two years prior to the application, disability will be measured with reference to the requirements of the applicant's light-duty assignment (*see*, 2 NYCRR 364.3 [b]). Arguing in favor of application of 2 NYCRR 364.3 (a), petitioner urges that the operative date for determination of his disability is the date of his original application, June 1992, and since he was not assigned to light duty until October 1992, his disability should be determined with regard to the duties of a firefighter. Respondents counter that even if the new regulation is applied, the relevant date is petitioner's superseding February 1995 application, by which time petitioner had been on light duty for more than two years.

The Comptroller properly declined to apply 2 NYCRR 364.3 (a) to petitioner's application. The regulation, which became effective September 27, 1995, expressly refers to the status of an applicant at the time the application for disability retirement benefits is filed with the Comptroller and is silent as to retroactive effect (*see, Matter of Paeno v McCall, supra*). It is well settled that retroactivity is not favored in regulatory changes and, absent language requiring such a result, regulations will not be given retroactive effect (*see, Matter of Queens-Nassau Nursing Home v McBarnette*, 216 AD2d 715, 716, *lv denied* 87 NY2d 804; *Matter of Good Samaritan Hosp. v Axelrod*, 150 AD2d 775, *lv denied* 75 NY2d 703). Moreover, we note that even if the regulation was applied to petitioner's June 1992 application, the result would not change since petitioner offered no medical evidence relating to his condition prior to the onset of his treatment with Grant on July 28, 1993.

Petitioner next claims that he is entitled to accidental disability retirement benefits because his January 1992 injury resulted from an "accident" as that term has been judicially construed, i.e., "a sudden, fortuitous mischance, unexpected,

out of the ordinary" (*Johnson Corp. v Indemnity Ins. Co.*, 6 AD2d 97, 100, *affd* 7 NY2d 222; *see, Matter of McCambridge v McGuire*, 62 NY2d 563, 568; *Matter of Lichtenstein v Board of Trustees*, 57 NY2d 1010, 1012). To be considered an accident, an event must be unrelated to the ordinary risks of one's employment (*see, Matter of Fiore v McCall*, 251 AD2d 940, 941; *Matter of Heisler v Regan*, 191 AD2d 897).

During his testimony, petitioner offered two different descriptions of the January 1992 incident. On direct examination, he stated that as he was leaving the scene of a fire he tripped over a protruding piece of concrete and fell, injuring his knee. Were this testimony credited, the incident would constitute an accident since the protruding concrete constituted a hazardous condition unrelated to petitioner's employment (*see, Matter of Pratt v Regan*, 68 NY2d 746, 747-748; *Matter of Boudreau v Regan*, 129 AD2d 846, 847). On cross-examination, however, petitioner explained that "my knee was so tired at that particular time because of all the other incidents that one leg slipped and my knee hit the concrete sharp edge and then it hit with the other knee". The Comptroller accepted this account as more plausible, and consequently determined that the incident resulted from petitioner's misstep and was not an accident (*see, Matter of O'Donnell v New York State & Local Retirement Sys.*, 249 AD2d 607; *Matter of Minchak v McCall*, 246 AD2d 952, 953). Since resolution of credibility issues are within the province of the Comptroller (*see, Matter of Chester v New York State & Local Employees' Retirement Sys.*, 209 AD2d 815), this finding will not be disturbed.

Cardona, P. J., Crew III, Yesawich Jr. and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.