■ In the Matter of MARGARITA PEREZ-DUNHAM, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, et al., Respondents. [719 NYS2d 382] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for performance of duty disability retirement benefits.

In June 1996, petitioner, a police officer, applied for performance of duty disability retirement benefits based upon an injury sustained in November 1993. After a hearing, respondent Comptroller denied the application on the ground that, while petitioner was disabled from performing the full duties

of a police officer, she was not disabled from performing the light duties she had been performing for more than two years prior to her application. Petitioner thereafter commenced this CPLR article 78 proceeding in which she challenges only the finding that she performed light duties for more than two years prior to her application.

When an applicant for disability retirement benefits is serving in a light-duty assignment, the application must be determined on the basis of the applicant's ability to perform a full-duty assignment unless the applicant has served in such light-duty assignment for two years or more prior to the application, in which event the application must be determined on the basis of the applicant's ability to perform the light-duty assignment (*see*, 2 NYCRR 364.3). Petitioner's employer submitted a description of the duties of petitioner's full-duty assignment, but the employer's police surgeon, who was responsible for determining whether an injured officer should be assigned to light duties, testified that petitioner could not function in the full-duty assignment after the injury and, therefore, she was assigned to light duties. He also testified that petitioner was not disabled from performing the light-duty assignment. Petitioner testified that she returned to full duty for approximately six months after she was injured and then was assigned to light duty. Although she testified that she again went back to full duty, she could not remember for how long and she could not provide any dates.

We reject petitioner's claim that the employer's submission of a description of the full duties rather than the light duties created a presumption that her application should be decided on the basis of her ability to perform the full duties. Petitioner bore the burden of demonstrating a disability that precluded the performance of her duties (*see, Matter of Arimento v McCall*, 211 AD2d 958, 960) and this obligation necessarily included the burden of demonstrating that her application should be determined on the basis of her full duties and not the light duties she was performing at the time of her application. The parties initially proceeded on the assumption that this was a full-duty case, but when the police surgeon testified about petitioner's light-duty assignment, counsel for respondent State and Local Police and Fire Retirement System raised the issue of whether this was in fact a light-duty case and the record establishes that petitioner had an ample opportunity to address the issue on which she bore the burden of proof.

The testimony of the police surgeon that petitioner was assigned to light duty following her injury provides substantial

evidence to support the conclusion that petitioner performed light duties for more than two years prior to her application. While the surgeon conceded that petitioner may have returned to full duty briefly, this is consistent with petitioner's testimony that before being assigned to light duty, she returned to full duty for about six months, which is beyond the two-year period. Petitioner's vague testimony that she may have returned to full duty at some unspecified date during the two-year period presented a credibility issue, which was for the Comptroller to resolve (*see, e.g., Matter of Di Guida v McCall*, 244 AD2d 756).

Cardona, P. J., Mercure, Crew III and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.