■ In the Matter of SILVIO CALISI, Petitioner, v H. CARL MC-CALL, as State Comptroller, et al., Respondents. [733 NYS2d 796] —Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

As a result of a renal condition and hypertension, petitioner, a police officer for the Nassau County Police Department, was assigned to restricted duties in 1982. He performed the restricted-duty assignment until January 1995, when he sustained injuries to his right arm, wrist and left elbow as a result of a fall while engaged in police duties. Petitioner neither regained full use of his arms nor returned to work after the accident and, in March 1995, he applied for accidental disability retirement benefits. Respondent Comptroller denied the application on the ground that petitioner was not incapacitated from the performance of his restricted duties.

Petitioner's application had to be determined on the basis of the restricted-duty assignment that he performed prior to the application (*see, Matter of Zajdowicz v New York State & Local Police & Fire Retirement Sys.*, 267 AD2d 863; *Matter of Kilfoile v McCall*, 239 AD2d 836). The record contains reports based upon examinations by the police surgeon in 1991, 1992 and 1993 which restricted petitioner from heavy lifting and the operation of police vehicles and restricted his contact with prisoners to nonviolent prisoners being released on appearance tickets. For approximately seven years prior to his accident, petitioner was assigned to foot patrol at a shopping mall. Although petitioner wrote parking and traffic tickets as part of his duties, he and Kevin Lowery, the commanding officer of the medical administration unit, testified that petitioner was armed and in uniform and his duties obligated him to make arrests, prevent criminal activity and provide assistance in the event of an emergency.

The only medical expert to provide an opinion with regard to the nature and extent of the injuries to petitioner's arms was the orthopedist who examined petitioner on behalf of respondent State Police and Fire Retirement System. The expert initially opined that petitioner was permanently disabled from his job as a police officer. In response to the Retirement System's request for clarification regarding petitioner's restricted-duty assignment, the expert explained that petitioner would be unable to perform such police duties as restraining, chasing after or fighting with someone but that with regard to the performance of restricted duty activities, "the fact that he is presently performing restricted duty activities indicates that certainly he is capable of doing this." The expert's clarification is, however, based on two erroneous assumptions. Petitioner's restricted-duty assignment did not, as the expert assumed, preclude petitioner from having to perform such police duties as restraining or chasing after someone and, contrary to the expert's assumption, petitioner never performed his prior restricted-duty activities after he sustained the arm injuries.

The Comptroller also relied on the April 1995 report of a physician which, according to the Comptroller, indicated that petitioner's current disability was related to his renal condition and not related to his orthopedic injuries. Although the report clearly states that petitioner was then disabled by an exacerbation of his renal condition, there is nothing in the report or elsewhere in the record to suggest that the physician intended to render an opinion with regard to either the nature and extent of the orthopedic injuries or whether petitioner could

have performed his police duties if not for the disabling renal condition. The physician had been involved in the treatment of petitioner's renal condition for many years and his specialty was nephrology and hypertension, not orthopedics.

Finally, the Comptroller also referred to Lowery's statement that the police surgeon had concluded in April 1995 that petitioner's "injuries had healed to the extent that he could perform a restricted assignment albeit far more restricted than his former restricted assignment," but this statement clearly supports petitioner's claim that he was unable to perform all of the duties required by the restricted-duty assignment that he had been performing for years prior to the accident. The undisputed evidence in the record establishes that petitioner is incapacitated from the performance of at least some of the duties required of the relevant restricted-duty assignment and, therefore, the Comptroller's determination to the contrary is not supported by substantial evidence.

Mercure, J. P., Peters, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is annulled, with costs, and matter remitted to respondent Comptroller for further proceedings not inconsistent with this Court's decision.