■ In the Matter of ROSEANN M. RIGUZZI, Petitioner, v ALAN G. HEVESI, as State Comptroller, Respondent. [790 NYS2d 583]—

---

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for performance of duty and accidental disability retirement benefits.

On January 20, 1994, petitioner injured her right shoulder when she fell on ice after exiting her patrol vehicle while performing her duties as a police officer for the Westchester County Department of Public Safety. In June 1995, following surgery, she was placed in a light-duty assignment in the civil division where she performed a variety of clerical functions, including filing papers, handling the mail, answering the telephone and waiting on members of the public. After dislocating her arm in February 2002, claimant stopped working and applied for performance of duty and accidental disability retirement benefits. Respondent ultimately upheld the findings of the Hearing Officer who denied the applications on the ground that claimant was not permanently incapacitated from performing the duties of her light-duty assignment. This CPLR article 78 proceeding ensued.

We confirm. Initially, we note that in order to receive both accidental and performance of duty disability retirement benefits, the applicant must demonstrate that he or she is permanently incapacitated from performing his or her job duties (see Matter of Liber v McCall, 6 AD3d 950, 950 [2004]; Matter of English v McCall, 6 AD3d 923, 924 [2004]). Contrary to petitioner's claim, the applicable standard by which to measure permanent incapacitation in this case, as agreed to by both parties in proceedings before the Hearing Officer, is whether petitioner was capable of performing the regular job duties of her light-duty assignment (see 2 NYCRR 364.3 [b]). Here, two physicians opined that, notwithstanding her shoulder problem, petitioner was, in fact, capable of performing the modified duties of her light-duty position. Inasmuch as substantial evidence supports the determination denying petitioner benefits, we decline to disturb it.

Cardona, P.J., Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.