■ In the Matter of JEROME J. ROACHE, Petitioner, v ALAN G. HEVESI, as State Comptroller, Respondent. [831 NYS2d 574]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer, suffered a fracture of his left knee following an April 1998 accident. He thereafter returned to

work in various restricted-duty positions, the most current of which was a property clerk. Alleging that he was not able to carry out all of his normal functions as a police officer, petitioner subsequently applied for accidental disability retirement benefits. Respondent, determining whether petitioner was permanently incapacitated from employment on the basis of his ability to perform his restricted-duty assignment, disapproved the application. Petitioner requested a hearing and redetermination resulting in the Hearing Officer's conclusion that petitioner did not establish that he was permanently disabled. Respondent upheld that determination and this CPLR article 78 proceeding ensued.

We confirm, as substantial evidence in the record supports respondent's determination that petitioner was not incapacitated from performing his restricted-duty work. Petitioner's focus at the hearing was on his inability to perform full-duty assignments although he had been on restricted duty continuously for more than three years prior to his May 2003 application for accidental disability retirement benefits. Significantly, the medical records submitted by petitioner in support of his application contained an opinion from an orthopedic surgeon that he was "able to do light duty" (*see* 2 NYCRR 364.3 [b]; *Matter of Calisi v McCall*, 289 AD2d 676, 677 [2001]; *Matter of Zajdowicz v New York State & Local Police & Fire Retirement Sys.*, 267 AD2d 863, 865 [1999]). To the extent that the record contains conflicting medical evidence as to petitioner's ability to perform his restricted duties, respondent was free to weigh the evidence and credit respondent's proof (*see Matter of Scheuring v New York State Comptroller*, 32 AD3d 1127, 1128 [2006]; *Matter of Hoehn v Hevesi*, 14 AD3d 761, 762 [2005], *lv denied* 4 NY3d 708 [2005]).

Petitioner's remaining contention regarding respondent's purported improper refusal to consider certain diagnostic test results has been examined and rejected.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.