In the Matter of DAVID D. VICKS, Petitioner, v ALAN G. HEVESI, as Comptroller of the State of New York, Respondent. [845 NYS2d 843]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

The facts underlying this CPLR article 78 proceeding, which has been transferred to this Court (see CPLR 7804 [g]), can be succinctly stated. Petitioner was a firefighter for over 20 years when he was injured in the line of duty in September 1995. Although he attempted to resume work as a full-time firefighter, he was unable to do so because of his injuries, and his last day of work in this capacity was on November 24, 1995. Between January 17, 1996 and August 11, 1999, he was assigned modified/light duties. During this time period, he missed work on numerous occasions for varying periods of time due to his injuries.* In 2000, he applied for accidental and performance of duty disability retirement benefits. His applications were ultimately denied by respondent in October 2004 after a hearing on the ground that, while he was permanently incapacitated from performing his full duties as a firefighter, he was not so incapacitated from performing his modified duties.

The crux of respondent's determination was his application of 2 NYCRR 364.3 (b) to petitioner. As relevant here, this regulation provides: "In the case of an applicant who . . . has been continuously assigned to light, limited or restricted duties for at least two years prior to [the filing of the application], . . . the Retirement System shall render its determination on the issue of permanent incapacity on the basis of such light, limited or restricted duty assignment" (2 NYCRR 364.3 [b]). To be sure, the disputed medical testimony concerning whether petitioner was capable of performing even modified duties was resolved against him and he does not take issue with such finding in this proceeding. Rather, his sole contention is that respondent's in-

---

* The precise amount of time that petitioner was absent from work during this period was somewhat disputed. Petitioner testified that, while he did not know the exact number of days, he estimated that he generally missed two to three weeks of work on 10 separate occasions. Petitioner's supervisor testified that, upon his review of his employment records, petitioner missed work on 17 occasions for periods ranging from one day to one week.

terpretation and application of 2 NYCRR 364.3 (b) to him was flawed because he was out of work on numerous occasions due to his injuries. In other words, petitioner argues that, because he did not *perform* his modified duties "continuously" for two years owing to his numerous absences from work, 2 NYCRR 364.3 (b) should not have been applied to him. We are unpersuaded.

Respondent's application of this regulation to petitioner—an applicant who most certainly had been "assigned" light duty work for a period well in excess of two years regardless of whether he was present at work every day to perform such duties—was not irrational, arbitrary or capricious (*see generally Matter of Nigro v McCall*, 218 AD2d 846, 848 [1995]; *Matter of Natoli v Regan*, 196 AD2d 945, 946 [1993]; *Matter of Riggins v Regan*, 167 AD2d 802, 803 [1990]). In other words, petitioner's "assignment" of modified duties was indeed continuous for over two years even though his actual performance of these duties may have been interrupted at times and, therefore, the regulation was properly applied to him (*see e.g. Matter of Roache v Hevesi*, 38 AD3d 1036 [2007]; *Matter of Riguzzi v Hevesi*, 16 AD3d 822 [2005]; *Matter of Perez-Dunham v McCall*, 279 AD2d 884 [2001]; *Matter of Zajdowicz v New York State & Local Police & Fire Retirement Sys.*, 267 AD2d 863 [1999]).

Mercure, J.P., Peters, Spain and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.