■ In the Matter of ROBERT W. KEIL, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [887 NYS2d 377]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner sustained a shoulder injury in the line of duty as a police officer. After recovering for two months on sick leave, he was found able to perform limited-duty work. He worked in that capacity for about 10 months before undergoing surgery. He was then absent while recovering for four months, again on sick leave. Upon his return to work, he was again assigned limited-duty work. One year and 11 months later, petitioner ap-

plied for accidental disability retirement benefits. Respondent Comptroller applied a limited-duty standard (*see* 2 NYCRR 364.3 [b]), concluded that petitioner had not shown an inability to perform the limited duties to which he had been assigned and denied his application. Petitioner then commenced this CPLR article 78 proceeding.

Where the employee "has been continuously assigned to light, limited or restricted duties for at least two years prior to the date [of] application," the determination of permanent incapacity is to be based upon "such light, limited or restricted duty assignment" rather than full duties (2 NYCRR 364.3 [b]; *see Matter of Perez-Dunham v McCall*, 279 AD2d 884, 885 [2001]). Petitioner contends that his employer considered his absence on sick leave to be an assignment and that the sick leave assignment interrupted his assignment to limited-duty work. Thus, he argues that there was no two-year period of continuous assignment to limited duty. We disagree. The Comptroller has previously determined that "continuously assigned" in this context does not mean continuous performance and is not interrupted by absence from work while on sick leave, and this Court has found that to be a rational, reasonable reading of the regulation (*see Matter of Vicks v Hevesi*, 45 AD3d 1036, 1037-1038 [2007]). Nor has there been any change in the Comptroller's treatment of sick leave which affected the calculation of the duration of petitioner's limited-duty assignment here.

Also unavailing is petitioner's contention that, since his accident, he was actually assigned to limited-duty work for a total of only 16 months due to additional sick-leave periods that were not considered by the Comptroller. At the hearing on petitioner's retirement application, the parties stipulated that he had been assigned to limited-duty work from September 27, 2000 through June 22, 2001 (268 days) and from October 23, 2001 through September 16, 2003 (693 days), for a total of 961 days or more than two years. Having failed to demonstrate that his counsel lacked authority to stipulate to those facts or some other ground for being relieved from that stipulation, petitioner is bound by it (*see Javarone v Pallone*, 234 AD2d 814, 815 [1996], *appeals dismissed* 89 NY2d 1030 [1997], 90 NY2d 884 [1997]).

Petitioner's remaining contentions regarding the conduct of the hearing and the Comptroller's refusal to reopen it have been examined and rejected.

Peters, J.P., Spain, Kane and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.