In the Matter of CHARLES G. PASCALE, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, et al., Respondents.
[923 NYS2d 799]—

Peters, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's applications for accidental and performance of duty disability retirement benefits.

Petitioner, a police officer, sustained two work-related injuries, one in 1990 and the other in 1993. Petitioner claims that as a result of the 1990 incident, he suffered hearing loss but was eventually able to return to full duty. Following the 1993 incident, in which he injured his lower back, petitioner eventually returned to a light-duty position in 2001. Petitioner submitted applications for accidental and performance of duty retirement benefits in 2006 and both were initially denied. Following a hearing, the Hearing Officer granted petitioner's applications. Upon review, however, respondent Comptroller denied the applications, prompting this CPLR article 78 proceeding.

The Comptroller found that petitioner is not permanently incapacitated from the performance of the duties of his restricted work assignment. With respect to both applications, petitioner bore the burden of proving that he was permanently incapacitated from performing his job duties (see Matter of Girsh v DiNapoli, 79 AD3d 1444, 1444 [2010]; Matter of Eddie v DiNapoli, 72 AD3d 1326, 1327 [2010]). Where an applicant for disability retirement benefits has been assigned to a light-duty position for more than two years, the question of permanent incapacitation must be measured by the duties of that position (see 2 NYCRR 364.3 [b]; Matter of Riguzzi v Hevesi, 16 AD3d 822, 823 [2005]; Matter of Perez-Dunham v McCall, 279 AD2d 884, 885 [2001]). The record reflects that petitioner was assigned to a light-duty position continuously from 2001 to the time he retired in 2005. There are multiple medical reports indicating that, while petitioner may be incapacitated from the position of full-duty police officer, he is not disabled from performance of the duties of his restricted work assignment, which primarily involved clerical and data entry duties as well as running errands. Accordingly, the Comptroller's determination is supported by substantial evidence and we will not disturb it (see Matter of Roache v Hevesi, 38 AD3d 1036, 1037 [2007]; Matter of Riguzzi v Hevesi, 16 AD3d at 823).

Spain, Rose, Stein and Egan Jr., JJ., concur. Adjudged that

the determination is confirmed, without costs, and petition dismissed.