■ In the Matter of NEIL SWEENEY, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, et al., Respondents. [930 NYS2d 314]—

Spain, J.P.

In 1992, petitioner, a police officer, suffered work-related injuries to his shoulder, neck and back while attempting to arrest a suspect. Thereafter, petitioner was assigned to light duty desk work. In 2007, petitioner applied for accidental disability and performance of duty disability retirement benefits alleging that he was permanently incapacitated from the performance of his duties as a result of the 1992 incident. Respondent Comptroller denied the applications on the ground that petitioner was not incapacitated from the performance of his restricted duties, prompting petitioner to commence this CPLR article 78 proceeding.

We are not persuaded by petitioner's contention that it was error for the Comptroller to render a determination on the basis of petitioner's restricted duty assignment (*see* 2 NYCRR 364.3 [b]) when, he asserts, his actual duties are more akin to those of a full duty police officer. Substantial evidence supports the Comptroller's determination that petitioner's regular job duties consist of light duty desk work. The record contains a list of those modified duties—which petitioner initialed—as well as medical notes of petitioner's examinations reflecting that petitioner informed the doctors that he was on light duty. Given this evidence, we find no error in the Comptroller's determination that petitioner's job duty assignment does not require tasks similar to full duty status, as petitioner contends. Thus, as the record also contains medical evidence that petitioner was not incapacitated from the performance of the regular job duties of his light duty assignment, substantial evidence supports the Comptroller's determination and it will not be disturbed (*see Matter of Riguzzi v Hevesi*, 16 AD3d 822, 823 [2005]; *Matter of O'Halpin v New York State Comptroller*, 12 AD3d 771, 772 [2004], *lv denied* 5 NY3d 702 [2005]).

Rose, Lahtinen, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.