█ In the Matter of TERRENCE LAMB, Petitioner, v THOMAS P. DiNAPOLI, as New York State Comptroller, et al., Respondents. [10 NYS3d 361]—

Clark, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for disability retirement benefits.

Petitioner sustained multiple injuries in a 2008 motor vehicle accident and, upon his return to work on July 30, 2008, was placed on limited-duty assignment. Petitioner has not yet returned to his full detective duties, and has been absent on multiple occasions for varying periods due to his injuries. In November 2010, petitioner applied for accidental disability retirement benefits. Respondent Comptroller, ruling that the light duty standard as per 2 NYCRR 364.3 (b) was applicable, found that petitioner was not permanently incapacitated from the performance of his duties and denied the application. Petitioner commenced this CPLR article 78 proceeding.

Petitioner contends that the Comptroller improperly measured his application against the light duty standard because he was not continuously assigned to light duty work for a period of two years given that the employer placed him on "no duty" assignment during the periods that he was absent from work. We disagree. Where an applicant " 'has been continuously assigned to light, limited or restricted duties for at least two years prior to the date [of] application,' the determination of permanent incapacity is to be based upon 'such light, limited or restricted duty assignment' rather than full duties" (*Matter of Keil v New York State Comptroller*, 66 AD3d 1317, 1318 [2009], quoting 2 NYCRR 364.3 [b]). It is well settled that " 'continuously assigned' in this context does not mean continuous performance and is not interrupted by absence from work [due to the injuries], and this Court has found that to be a rational, reasonable reading of the regulation" (*Matter of Keil v New York State Comptroller*, 66 AD3d at 1318, citing *Matter of*

*Vicks v Hevesi*, 45 AD3d 1036, 1037-1038 [2007]). Here, the record establishes that petitioner's absences from work were due to his injuries and not as the result of any reassignment of duties by the employer. Notwithstanding petitioner's contention to the contrary, we do not find the Comptroller's application of the regulation under the circumstances herein to be irrational, arbitrary or capricious (*see Matter of Vicks v Hevesi*, 45 AD3d at 1038).

Petitioner's remaining contentions have been reviewed and found to be without merit.

Lahtinen, J.P., Rose and Devine, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.