Matter of County of Erie v Dinapoli (2020 NY Slip Op 00904)





Matter of County of Erie v Dinapoli


2020 NY Slip Op 00904


Decided on February 6, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 6, 2020

529495

[*1]In the Matter of County of Erie et al., Petitioners,
v
Thomas P. Dinapoli, as State Comptroller, Respondent, et al., Respondent.

Calendar Date: January 14, 2020

Before: Clark, J.P., Devine, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


The Machelor Law Firm, Amherst (Kristin M. Machelor of counsel), for petitioners.
Letitia James, Attorney General, Albany (William E. Storrs of counsel), for respondent.



Reynolds Fitzgerald, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioners' application, on behalf of respondent Cindy Breslin, for disability retirement benefits.
In November 2007, respondent Cindy Breslin, a correction officer at a county correctional facility, sustained various injuries while attempting to subdue an inmate. Breslin thereafter underwent various surgical procedures and, with the exception of performing light-duty work from October 20, 2009 to September 21, 2010, she has remained out of work since the date of the incident, during which time she has been collecting benefits pursuant to General Municipal Law § 207-c. In April 2014, petitioners filed an application for disability retirement benefits upon Breslin's behalf.[FN1] Although the New York State and Local Employees' Retirement System initially evaluated petitioners' application based upon whether Breslin was permanently incapacitated from performing the full duties of a correction officer, following receipt of additional documentation from petitioners, the Retirement System concluded that petitioners' application should be assessed under the light-duty standard set forth in 2 NYCRR 364.3 (b). Applying the latter standard, the Retirement System denied petitioners' application. Following a hearing and redetermination, a Hearing Officer reached a similar conclusion, finding, among other things, that denial of petitioners' application was warranted because Breslin was capable of performing light-duty work. Respondent Comptroller adopted the Hearing Officer's findings and conclusions, prompting petitioners to commence this CPLR article 78 proceeding to challenge the Comptroller's determination.
Where an employee "has been continuously assigned to light, limited or restricted duties for at least two years prior to the date [upon which the] application for disability retirement benefits was filed with the Comptroller . . ., the Retirement System shall render its determination on the issue of permanent incapacity on the basis of such light, limited or restricted duty assignment" (2 NYCRR 364.3 [b]). Although petitioners argue that application of the cited regulation is arbitrary and capricious given that Breslin actually worked in her light-duty assignment for less than one year and did not work in any capacity after September 21, 2010, the Comptroller has held that the phrase "continuously assigned" — as applied in the context of 2 NYCRR 364.3 (b) — "does not mean continuous performance and is not interrupted by absence[s] from work while on sick leave" (Matter of Keil v New York State Comptroller, 66 AD3d 1317, 1318 [2009]; see Matter of Lamb v DiNapoli, 128 AD3d 1320, 1320 [2015]; Matter of Vicks v Hevesi, 45 AD3d 1036, 1037-1038 [2007]; see also Matter of Pascale v DiNapoli, 84 AD3d 1680, 1680 [2011]; Matter of Riguzzi v Hevesi, 16 AD3d 822, 823 [2005]). In other words, the dispositive inquiry is whether the employee has been continuously assigned to light-duty work — not, as petitioners argue, whether such employee has in fact continuously performed the light duties to which he or she was assigned (see Matter of Keil v New York State Comptroller, 66 AD3d at 1318; Matter of Vicks v Hevesi, 45 AD3d at 1038).
Contrary to petitioners' assertion, the record reflects that Breslin was continuously assigned to a light-duty position beginning in October 2009 — even though she concededly did not work at all after September 2010. Given the continuous nature of Breslin's assignment, the light-duty standard set forth in 2 NYCRR 364.3 (b) was properly applied to petitioners' application for disability retirement benefits (see Matter of Pascale v DiNapoli, 84 AD3d at 1680; Matter of Vicks v Hevesi, 45 AD3d at 1038; see also Matter of Lamb v DiNapoli, 128 AD3d at 1321). Hence, the balance of our inquiry distills to whether petitioners met their burden of establishing that Breslin was permanently incapacitated from performing the duties of her light-duty assignment, which primarily entailed answering telephones, opening mail and signing visitors into and out of the correctional facility.
In this regard, Breslin testified that her clerical duties required her to "swivel[] back and forth" which, in turn, was "very painful," and that one of her treating physicians advised her to "stop doing that," which she did in September 2010. However, the neurosurgeon who first treated Breslin in 2011 (and who performed her second back surgery in 2013) testified that, although Breslin indeed was permanently incapacitated from performing the full duties of a correction officer, she was capable of answering telephones, sorting mail and signing in visitors — subject to certain restrictions, such as not lifting more than 15 pounds and not standing or walking for more than 15 minutes per hour. The orthopedic surgeon who evaluated Breslin on behalf of the Retirement System agreed, testifying that, based upon his 2015 examination of her, Breslin was permanently incapacitated from performing her duties as a correction officer. In response to an inquiry by the Retirement System, that surgeon issued an addendum to his report in 2016, wherein he opined — consistent with his subsequent hearing testimony — that Breslin was "very capable" of performing her light-duty assignment subject to certain restrictions. Those restrictions included refraining from twisting, turning and bending, being able to change position frequently and avoiding lifting more than five pounds. Finally, an independent medical examination conducted at the behest of petitioners in September 2016 yielded similar conclusions — specifically that, although Breslin was permanently incapacitated from performing the duties of a correction officer, she was capable of performing "a type of work that falls between sedentary . . . activity and light work, much closer to light work," subject to various restrictions relative to sitting, standing and lifting. Thus, by all accounts, the medical evidence established that Breslin was capable of performing light-duty work. As the Comptroller's determination — finding that Breslin was not permanently incapacitated from performing the duties of a light-duty assignment — is supported by substantial evidence, it will not be disturbed (see Matter of Sweeney v DiNapoli, 88 AD3d 1051, 1051 [2011]; Matter of Murray v New York State Comptroller, 84 AD3d 1681, 1682-1683 [2011]; Matter of Pascale v DiNapoli, 84 AD3d at 1680; Matter of Roache v Hevesi, 38 AD3d 1036, 1037 [2007]; Matter of Riguzzi v Hevesi, 16 AD3d at 823). Petitioners' remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Clark, J.P., Devine, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Petitioners were authorized to file such application pursuant to General Municipal Law § 207-c (2) and Retirement and Social Security Law § 605 (a) (2).