Matter of Hannon v DiNapoli (2024 NY Slip Op 01851)

Matter of Hannon v DiNapoli

2024 NY Slip Op 01851

Decided on April 4, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 4, 2024

CV-23-0235
[*1]In the Matter of Michael Hannon, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:February 20, 2024

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Mackey, JJ.

Schwab & Gasparini, PLLC, White Plains (Warren J. Roth of counsel), for petitioner.
Letitia James, Attorney General, Buffalo (Sarah L. Rosenbluth of counsel), for respondent.

Garry, P.J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's applications for performance of duty and accidental disability retirement benefits.
Petitioner, a police officer employed by the City of White Plains, Westchester County, filed applications for performance of duty and accidental disability retirement benefits in June 2014 based upon an incident that occurred on September 22, 2011. Regarding the incident, petitioner alleged that the assistant police chief slammed a rolling chair into the back of a chair that petitioner was seated in, resulting in injuries to his back, as well as the development of depression, anxiety and posttraumatic stress disorder. Petitioner returned to a light-duty position in January 2012 but stopped working in June 2013. The applications were initially denied, and petitioner sought a hearing and redetermination. The New York State and Local Retirement System conceded that the September 2011 incident constituted an accident within the meaning of the Retirement and Social Security Law, and that the accident caused petitioner's disability. Following a hearing, the Hearing Officer upheld the denials, finding that petitioner had failed to establish that he was permanently incapacitated from performing the duties of his light-duty assignment. Respondent accepted the Hearing Officer's findings and conclusions, prompting this CPLR article 78 proceeding.
As agreed by both parties, the applicable standard is whether petitioner was capable of performing the duties of his light-duty assignment (see 2 NYCRR 364.3 [b]; Matter of Lamb v DiNapoli, 128 AD3d 1320, 1320 [3d Dept 2015]). "In connection with any application for accidental or performance of duty disability retirement benefits, the applicant bears the burden of proving that he or she is permanently incapacitated from the performance of his or her job duties" (Matter of Byrne v DiNapoli, 85 AD3d 1530, 1531 [3d Dept 2011] [citations omitted]; accord Matter of Maldari v DiNapoli, 160 AD3d 1323, 1324 [3d Dept 2018]). "[R]espondent is vested with the authority to resolve conflicting medical evidence in that regard and to credit one expert's opinion over another, and his determination will be sustained if supported by substantial evidence" (Matter of McGowan v DiNapoli, 178 AD3d 1243, 1243-1244 [3d Dept 2019] [internal quotation marks and citation omitted], lv denied 35 NY3d 917 [2020]; see Matter of Corbin v DiNapoli, 182 AD3d 974, 975 [3d Dept 2020]).
Petitioner presented the testimony of Marie Elena Grosett, a licensed social worker who has provided psychiatric psychotherapy to petitioner since August 2012. Grosett diagnosed petitioner as suffering from depression, anxiety and posttraumatic stress disorder related to the September 2011 incident at work. According to Grosett, petitioner's psychological condition is permanent and prevents him from returning [*2]to any form of police work, including his light-duty assignment.
Jeffrey Newton, a psychiatrist who examined petitioner on behalf of the Retirement System, testified that petitioner suffers from adjustment disorder with depressed mood causally related to the September 2011 incident. Newton similarly opined that petitioner was permanently disabled from performing his light-duty position with the White Plains Police Department, as returning to the location of the incident would trigger his condition, although petitioner could perform a light-duty assignment elsewhere, provided certain conditions were met. This opinion was credited by respondent in denying petitioner's applications.
Petitioner's position was light duty with the White Plains Police Department. The record reveals that there is no assignment available that complies with the limitations described in the testimony of respondent's expert. It was thus undisputed that petitioner is permanently incapacitated from performing his light-duty assignment due to his psychological condition. Accordingly, we find that respondent's determination that petitioner was not permanently incapacitated from performing the duties of his assignment is not supported by substantial evidence in this record, and must be annulled (see Matter of Lipsky v New York State Comptroller, 56 AD3d 1101, 1103 [3d Dept 2008]; Matter of Chapin v Hevesi, 6 AD3d 918, 920 [3d Dept 2004]).
Egan Jr., Clark, Pritzker and Mackey, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.