■ In the Matter of FELICE J. TRIFARO III, Petitioner, v TOWN OF COLONIE, Respondent. [819 NYS2d 147]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for General Municipal Law § 207-c benefits.

Petitioner was a police officer employed by respondent when, in April 2002, an incident occurred during which petitioner was allegedly berated by a superior officer. Petitioner filed a grievance alleging harassment, but was dissatisfied with the manner in which the grievance was addressed. He became upset and, as the parties ultimately stipulated, became disabled from performing his duties as a police officer as a result of these events. Petitioner's application for benefits under General Municipal Law § 207-c was initially denied by respondent on June 10, 2002. Petitioner requested a hearing in accordance with procedures set forth in the controlling collective bargaining agreement. Following delays occasioned by issues related to petitioner's retention of counsel, the hearing was conducted in June 2004. The Hearing Officer recommended that petitioner's application for General Municipal Law § 207-c benefits be denied. Respondent accepted the opinion and recommendation of the Hearing Officer, and petitioner now seeks judicial review.

General Municipal Law § 207-c provides benefits to certain police officers who are injured in, or taken sick as a result of, "the performance of his [or her] duties" (General Municipal Law § 207-c [1]). Historically, the plain language of the statute has been construed to require the police officer to demonstrate only that the injury or illness was "work related" (see Matter of DePoalo v County of Schenectady, 85 NY2d 527, 532 [1995]; see also Matter of White v County of Cortland, 97 NY2d 336, 339 [2002]). In Matter of Balcerak v County of Nassau (94 NY2d 253 [1999]), the Court of Appeals' analysis of a collateral estoppel is-

sue included a statement that such benefits were intended to "compensate specified municipal employees for injuries incurred in the performance of special work related to the nature of heightened risks and duties" (*id.* at 259). Thereafter, some of the Departments of the Appellate Division applied this statement to require applicants for General Municipal Law § 207-c benefits to demonstrate that their injuries were incurred in the performance of the heightened risks and duties of police officers (*see e.g. Matter of Gallante v Reilly*, 303 AD2d 503 [2003], *vacated* 7 AD3d 622 [2004]; *Youngs v Village of Penn Yan*, 291 AD2d 852 [2002]; *Matter of Ertner v County of Chenango*, 280 AD2d 851 [2001]). In December 2003, the Court of Appeals clarified that its language in *Matter of Balcerak v County of Nassau* (*supra*) was not intended to impose a new and higher burden of proof on police officers seeking the statutory benefits, and stated that the Appellate Division had erred in applying a "heightened risk" standard to determine eligibility for General Municipal Law § 207-c benefits (*see Matter of Theroux v Reilly*, 1 NY3d 232, 243-244 [2003]). Nevertheless, and although petitioner's administrative hearing was conducted and decided *after* the Court of Appeals decided *Matter of Theroux v Reilly* (*supra*), the Hearing Officer held that the "heightened risk" standard applied by this Court in *Matter of Ertner v County of Chenango* (*supra*) was applicable because petitioner's request for an administrative appeal was made prior to the decision in *Matter of Theroux v Reilly* (*supra*). This was an error of law (*see* CPLR 7803 [3]).

It is well established that, generally, the law is to be applied as it exists at the time a decision is rendered, even if the law has been altered since the commencement of the action or proceeding (*see People v Vasquez*, 88 NY2d 561, 573 [1996]; *Matter of Alscot Inv. Corp. v Incorporated Vil. of Rockville Ctr.*, 64 NY2d 921, 922 [1985]; *Gager v White*, 53 NY2d 475, 483 [1981], *cert denied* 454 US 1086 [1981]), and this rule applies to administrative and judicial proceedings alike (*see Matter of Asman v Ambach*, 64 NY2d 989, 990 [1985]). The Hearing Officer's determination to apply the law that was extant on the date that claimant requested a hearing is insupportable. In any event, this Court is now required to apply the law as clarified by *Matter of Theroux v Reilly* (*supra*; *cf. Matter of Schafer v Reilly*, 3 NY3d 691, 692 [2004]; *Matter of Gallante v Reilly*, 7 AD3d 622, 623 [2004]). The mere fact that there was extensive delay in the proceedings attributable to petitioner does not require a different result, and respondent does not argue otherwise. Further, because *Matter of Theroux v Reilly* (*supra*) did not pronounce new law, but merely corrected a misstep taken by

the Appellate Division (*see id.* at 243-244), we are unpersuaded by respondent's argument that *Matter of Theroux v Reilly* (*supra*) should not be applied "retroactively." Inasmuch as respondent's determination to deny petitioner's application for General Municipal Law § 207-c benefits was based upon an incorrect standard of law, it must be annulled.

In light of this conclusion, petitioner's remaining contentions need not be addressed.

Crew III, J.P., Peters, Lahtinen and Kane, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.