■ In the Matter of WILLARD SMALL, Appellant, v VILLAGE BOARD OF THE VILLAGE OF OSSINING et al., Respondents. [830 NYS2d 592]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondents Village Board of the Village of Ossining and the Village of Ossining, dated March 1, 2005, which adopted the recommendations of a Hearing Officer dated January 28, 2005, made after a hearing, finding the petitioner guilty of misconduct and terminating his employment, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Zambelli, J.), entered October 20, 2005, which, in effect, denied the petition and dismissed the proceeding.

Ordered that judgment is affirmed, with costs.

Contrary to the petitioner's contention, there was no evidence indicating that the respondents considered his posthearing infractions of the attendance policy, and thereby violated his due process rights (cf. *Matter of Lee v Board of Educ. of Pelham Union Free School Dist.*, 90 AD2d 775 [1982]). Furthermore, since material terms were omitted from a potential settlement agreement for future negotiations, there was no binding settlement agreement stipulating that the petitioner would be suspended, rather than have his employment terminated (see *Maffea v Ippolito*, 247 AD2d 366, 367 [1998]).

Finally, in light of the petitioner's history of absenteeism, the penalty of termination imposed was not so disproportionate to the offenses as be shocking to one's sense of fairness (see *Matter of Thomas v City of Mount Vernon Dept. of Pub. Safety*, 267 AD2d 241 [1999]; *Matter of Sigle v Slavin*, 161 AD2d 644 [1990]; *Matter of Collins v Amrhein*, 134 AD2d 346, 347-348 [1987]). Mastro, J.P., Fisher, Angiolillo and McCarthy, JJ., concur.