In the Matter of CHRISTOPHER J. MARTINO, Petitioner, v COUNTY OF ALBANY et al., Respondents. [850 NYS2d 250]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Albany County Sheriff which denied petitioner's application for General Municipal Law § 207-c benefits.

Petitioner, a correction officer with the Albany County Sheriff's Department since 1993, was injured on the morning of June 19, 2006 during his shift at the visitor observation booth in the visitation area of the Albany County Correctional Facility. After several visitors complained about an odor, petitioner removed a full bag of garbage from a garbage can located within his work station and placed it outside the visitation area. In the process, he sustained acute lower back strain and sought immediate medical assistance. He was absent from work for approximately three weeks, his uncontroverted claim for workers' compensation benefits was established, and he also applied for benefits pursuant to General Municipal Law § 207-c. After a hearing, the parties stipulated to the issues and relevant facts. The Hearing Officer issued a report recommending that petitioner's application be denied because, at the time he sustained this injury, he was engaged in activities outside the scope of his assigned duties as a correction officer. Respondent Albany County Sheriff adopted the determination, and Supreme Court transferred petitioner's CPLR article 78 proceeding to this Court.

General Municipal Law § 207-c, as relevant here, provides correction officers with benefits, including full wages, where they are injured "in the performance of [their] duties" (General Municipal Law § 207-c [1]). To be eligible for section 207-c benefits, an officer needs to prove a "direct causal relationship between job duties and the resulting illness or injury" (*Matter of White v County of Cortland*, 97 NY2d 336, 340 [2002]; *accord Matter of Theroux v Reilly*, 1 NY3d 232, 243-244 [2003]),

without regard to "whether the specific injury-causing activity was one entailing the 'heightened risk' " posed to correction officers (*Matter of Theroux v Reilly*, 1 NY3d at 241; *see Matter of Trifaro v Town of Colonie*, 31 AD3d 821, 822 [2006]). The term "duties" in section 207-c "encompasses the full range of a covered employee's job duties" (*Matter of Theroux v Reilly*, 1 NY3d at 244).

Here, substantial evidence supports the determination that, under the circumstances, petitioner's injury resulting from his removal of a bag of garbage was not causally related to his range of duties as a correction officer. The record reflects that petitioner's assigned duties as a correction officer did not include garbage removal, a duty assigned to maintenance workers. While the Sheriff's General Order on Rules of Conduct imposed a general duty on all employees "to assist in keeping the work area of their assigned unit and all equipment in a neat, clean and sanitary condition," we find rational the conclusion that petitioner's removal of malodorous garbage did not fall under that general duty, given that "[t]here was no evidence of an immediate need to move the bag of garbage before the maintenance crew arrived." While the Hearing Officer recognized that there could be circumstances in which the removal of a bag of malodorous garbage could be considered within the full range of a correction officer's duties for purposes of General Municipal Law § 207-c benefits, the conclusion that it did not in this case is supported by substantial evidence and will not be disturbed. The remaining contentions lack merit.

Mercure, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.