In the Matter of PAUL BRUNNER, Appellant, v JOHN BERTONI, as Mayor of the Village of Endicott, et al., Respondents. [936 NYS2d 731]—

Mercure, A.P.J.

We affirm. General Municipal Law § 207-c provides police officers such as petitioner "with benefits, including full wages, where they are injured 'in the performance of [their] duties' " (*Matter of Martino v County of Albany*, 47 AD3d 1052, 1052 [2008], quoting General Municipal Law § 207-c [1]). To demonstrate entitlement to those benefits, petitioner must "prove a direct causal relationship between job duties and the resulting illness or injury" (*Matter of White v County of Cortland*, 97 NY2d 336, 340 [2002]; *accord Matter of Theroux v Reilly*, 1 NY3d 232, 244 [2003]). In our view, while "[p]reexisting non-work-related conditions [would] not bar recovery . . . [if petitioner's] job duties were a direct cause of the disability," substantial evidence in the record amply supports Bertoni's finding that they were not a direct cause (*Matter of White v County of Cortland*, 97 NY2d at 340).

In that regard, orthopedic surgeon Charles Totero conducted an independent medical examination of petitioner and opined that he was not injured during the firearms training. Although discharging his firearm caused petitioner discomfort, the pain stopped when he ceased fire, and Totero indicated that the pain was caused by arthritis stemming solely from the prior thumb injury (*see e.g. Matter of Steinmann v Hevesi*, 18 AD3d 1011, 1012 [2005], *lv denied* 5 NY3d 710 [2005]). Bertoni was free to credit Totero's opinion and, inasmuch as "mere fortuity of timing does not entitle an employee to benefits under General Municipal Law § 207-c" in the absence of a causal connection between petitioner's duties and the disability, the application was properly denied (*Matter of Greenewald v County of Schenectady*, 85 NY2d 527, 534 [1995]; *see Matter of Ridge Rd. Fire Dist. v Schiano*, 16 NY3d 494, 499 [2011]; *cf. Matter of Schmidt v Putnam County Off. of Sheriff*, 49 AD3d 761 [2008]).

Petitioner's remaining arguments have been considered and found to be without merit.

Rose, Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.