*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 16, 2015                    519386
_____

In the Matter of BRADLEY CHASE,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

COUNTY OF ALBANY et al.,
                    Respondents.
_____


Calendar Date:  February 11, 2015

Before:  Peters, P.J., Lahtinen, Garry and Rose, JJ.

                        _____


        Ennio J. Corsi, Counsel 82, AFSCME, AFL-CIO, Albany
(Matthew P. Ryan of counsel), for petitioner.

        Thomas Marcelle, County Attorney, Albany (John Maney of
counsel), for respondents.

                        _____


Lahtinen, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Albany County Sheriff that,
among other things, petitioner could return to light duty work.

        In March 2010, petitioner, a correction officer at the
Albany County Correctional Facility, sustained a concussion when
he hit his head on a wall while attempting to restrain an inmate.
He was treated for symptoms attributed to a mild traumatic brain
injury and postconcussive disorder, and he began receiving
benefits pursuant to General Municipal Law § 207-c.  In January
2012, respondent Albany County Sheriff offered petitioner the

opportunity to return to work on light duty status.[1] Petitioner refused, and the parties participated in a hearing in accordance with negotiated procedures. The Sheriff adopted the Hearing Officer's recommendation that petitioner be returned to light duty and ordered petitioner to report as assigned. This proceeding ensued.

Our review is limited to assessing whether the Sheriff's determination was supported by substantial evidence (see Matter of Brunner v Bertoni, 91 AD3d 1100, 1101 [2012]; Matter of Martino v County of Albany, 47 AD3d 1052, 1053 [2008]). Two experts testified at the hearing. Robert McCaffrey, a neuropsychologist who conducted an independent medical examination that included a number of neuropsychological tests in December 2010, opined that petitioner could return to work. McCaffrey testified that petitioner had exerted "suboptimal effort" during the testing, and that he found nothing that would prohibit petitioner from returning to work based on cognitive and psychological issues. After a follow-up examination in December 2012, McCaffrey continued to opine that petitioner could return to work. Petitioner's neuropsychologist, Maria Lifrak, testified that petitioner displayed deficits in visual and mental processing, planning, language comprehension, attention, concentration and memory. She diagnosed him as having, among other things, postconcussion syndrome. Lifrak opined that petitioner was not able to work in the proposed light duty position.

Petitioner argues that McCaffrey's opinion was based on unreliable test results and should not have been credited. However, McCaffrey did not indicate that the test results were unreliable, but that the test results showed that petitioner's claims were unreliable. Although Lifrak did not agree with McCaffrey, the Hearing Officer was entitled to weigh the conflicting medical opinions and determine which expert to credit. Where, as here, that determination is supported by

---

[1] Petitioner would be assigned to a sitting job with no inmate contact and no lifting, pushing or pulling any objects in excess of two pounds.

substantial evidence, it will not be disturbed (see Matter of Morsman v County of Allegany, 26 AD3d 890, 891 [2006]).

Peters, P.J., Garry and Rose, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court