*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 5, 2015                    520236
_____

In the Matter of LAWRENCE
    JACKSON,
                        Petitioner,

            v                                    MEMORANDUM  AND  JUDGMENT

ANNETTE BARBER, as Cortland
    County Director of Personnel
    and Civil Service Personnel
    Officer, et al.,
                        Respondents.
_____

Calendar Date:   September 15, 2015

Before:  Peters, P.J., Lahtinen, McCarthy and Lynch, JJ.

                        _____

        Steven Crain & Daren Rylewitz, Civil Service Employees
Association, Inc., Local 1000, AFSCME, AFL-CIO, Syracuse (D.
Jeffrey Gosch of counsel), for petitioner.

        Coughlin & Gerhart, LLP, Binghamton (Lars P. Mead of
counsel), for respondents.

                        _____

McCarthy, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Cortland County)
to review a determination of respondent Annette Barber denying
petitioner's application for General Municipal Law § 207-c
benefits.

        Petitioner was diagnosed with plantar fasciitis in his left
foot while working as a correction officer for the Cortland
County Sheriff's Department.  He thereafter filed an application

for workers' compensation benefits, which claim was granted and subsequently confirmed by the Workers' Compensation Board. Petitioner also applied for disability benefits pursuant to General Municipal Law § 207-c. Respondent Annette Barber, the personnel officer of respondent County of Cortland, denied the application on the merits upon her determination that petitioner's condition was idiopathic, i.e., without a specific cause. Following an appeal and subsequent hearing, Barber upheld her initial determination based on the Hearing Officer's recommendation to do so. Petitioner thereafter commenced this CPLR article 78 proceeding alleging that the denial of his application was, among other things, not supported by substantial evidence. Supreme Court transferred the matter to this Court.

Contrary to petitioner's initial contention, it is settled law that "a determination by the Workers' Compensation Board that an injury is work-related" does not, "by operation of collateral estoppel, automatically entitle an injured employee to General Municipal Law § 207-c benefits" (Matter of Balcerak v County of Nassau, 94 NY2d 253, 256 [1999]; see Auqui v Seven Thirty One Ltd. Partnership, 22 NY3d 246, 256 [2013]). Accordingly, the Board's determination did not collaterally estop Barber from denying petitioner's application for General Municipal Law § 207-c benefits.

Further, substantial evidence supports the determination denying petitioner benefits. Pursuant to General Municipal Law § 207-c, correction officers are entitled to benefits when they are injured "in the performance of [their] duties" (General Municipal Law § 207-c [1]; see Matter of Brunner v Bertoni, 91 AD3d 1100, 1101 [2012]), so long as they can establish the existence of a "'direct causal relationship between job duties and the resulting illness or injury'" (Matter of Theroux v Reilly, 1 NY3d 232, 243-244 [2003], quoting Matter of White v County of Cortland, 97 NY2d 336, 340 [2002]). This Court will uphold a determination regarding a correction officer's eligibility for benefits if such decision is supported by substantial evidence (see Matter of Chase v County of Albany, 127 AD3d 1446, 1447 [2015]; Matter of Brunner v Bertoni, 91 AD3d at 1101), i.e., "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact, [which] is

'less than a preponderance of the evidence'" (Matter of Ridge Rd. Fire Dist. v Schiano, 16 NY3d 494, 499 [2011], quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]).  Notably, credibility determinations are within the sole province of the Hearing Officer (see Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]; Matter of Kuznia v Adams, 106 AD3d 1227, 1229 [2013]), and the burden of proof rests with the petitioner (see Matter of Brunner v Bertoni, 91 AD3d at 1101).

Orthopaedic surgeon Daniel Carr reviewed petitioner's medical records and conducted an independent medical examination of petitioner.  He opined that, to a reasonable degree of medical certainty, petitioner's plantar fasciitis was idiopathic. Despite petitioner's introduction of contrary expert evidence, the Hearing Officer "was entitled to weigh the conflicting medical opinions and determine which expert to credit" (Matter of Chase v County of Albany, 127 AD3d at 1447; see Matter of Roache v Hevesi, 38 AD3d 1036, 1037 [2007]).  Given that Carr "'articulate[d] a rational and fact-based opinion founded upon a physical examination and review of the pertinent medical records'" (Matter of Calhoun v New York State & Local Employees' Retirement Sys., 112 AD3d 1172, 1174 [2013], quoting Matter of Mulvaney v DiNapoli, 92 AD3d 1021, 1021 [2012] [internal quotations marks and citation omitted]), the Hearing Officer's reliance thereon was reasonable and, therefore, petitioner's application was properly denied (see Matter of Brunner v Bertoni, 91 AD3d at 1101).  Petitioner's remaining arguments are unpreserved and/or without merit.

Peters, P.J., Lahtinen and Lynch, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court