In the Matter of AUDREY REED, Petitioner, v TERRENCE RAYNOR, as Commissioner, City of Mount Vernon Police Department, et al., Respondents. [56 NYS3d 259]—

Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the City of Mount Vernon Police Department dated October 8, 2014, made after a hearing pursuant to Civil Service Law article 75, which found the petitioner guilty of certain disciplinary charges and terminated her employment as a jail attendant.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

"Judicial review of an administrative determination made after a hearing at which evidence is taken pursuant to direction of law is limited to a consideration of whether that determination was supported by substantial evidence upon the whole record" (*Matter of Grimaldi v Gough*, 114 AD3d 679, 680 [2014]; *see* CPLR 7803 [4]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-180 [1978]; *Matter of Solano v City of Mount Vernon*, 108 AD3d 676, 676-677 [2013]). "When there is conflicting evidence or different inferences may be drawn, 'the duty of weighing the evidence and making the choice rests solely upon the [administrative agency]. The courts may not weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists' " (*Matter of Grimaldi v Gough*, 114 AD3d at 680, quoting *Matter of Berenhaus v Ward*, 70 NY2d 436, 444 [1987]; *see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 180). Here, any credibility issues were resolved by the respondent Commissioner of the City of Mount Vernon Police Department, and we find no basis upon which to disturb the determination, which was supported by substantial evidence.

Contrary to the petitioner's contention, the penalty of termination of the petitioner's employment was not so disproportionate to the offense committed as to be shocking to one's sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-235 [1974]; *Matter of Quirolo v Israel*, 130 AD3d 1042, 1043 [2015]; *Matter of Small v Village Bd. of Vil. of Ossining*, 37 AD3d 839, 839 [2007]). Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.