Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the City of Mount Vernon Police Department dated April 15, 2015, which, after a hearing, denied the petitioner’s application for benefits pursuant to General Municipal Law § 207-c.
 

 Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
 

 Judicial review of an administrative determination made after a hearing at which evidence is taken pursuant to direction of law is limited to a consideration of whether that determination was supported by substantial evidence upon the whole record (see Matter of Reed v Raynor, 151 AD3d 730 [2017]; Matter of Congregation K’hal Torath Chaim, Inc. v Rockland County Bd. of Health, 148 AD3d 1145 [2017]; Matter of Rosario v Municipal Hous. Auth. for City of Yonkers, 141 AD3d 664, 665 [2016]). The determination of the Commissioner of the City of Mount Vernon Police Department (hereinafter the Commissioner) denying the petitioner’s application for benefits pursuant to General Municipal Law § 207-c was supported by substantial evidence in the record. While workers’ compensation benefits are intended to be dispensed regardless of fault for any injury arising out of and in the course of one’s employment, General Municipal Law § 207-c benefits apply to a narrower class of work-related injury, relative to the performance of law enforcement duties (see Matter of Diegelman v City of Buffalo, 28 NY3d 231, 236 [2016]). To be entitled to General Municipal Law § 207-c benefits, a covered municipal employee must prove a direct causal relationship between job duties and the resulting illness or injury (see Matter of Schafer v Reilly, 3 NY3d 691 [2004]; Matter of Theroux v Reilly, 1 NY3d 232, 243-244 [2003]; Matter of Lynn v Town of Clarkstown, 131 AD3d 968 [2015]). The petitioner failed to prove that such a relationship existed here.
 

 Furthermore, credibility determinations as to the testimony of the parties’ respective medical witnesses, including their qualifications and the weight to be given their testimony, are matters within the sole province of the administrative fact-finder (see Matter of Nisi v New York State Dept. of Health, 70 AD3d 1211, 1213 [2010]; Matter of Kosich v New York State Dept. of Health, 49 AD3d 980, 984 [2008]). When there is conflicting evidence or different inferences may be drawn, the duty of weighing the evidence and making the choice rests solely upon the administrative agency. The courts may not weigh the evidence or reject the choice made by the agency where the evidence is conflicting and room for choice exists (see Matter of Reed v Raynor, 151 AD3d at 730; Matter of Armbruster v Cassano, 149 AD3d 729, 730 [2017]; Matter of Antrohus v Lee, 140 AD3d 745, 745-746 [2016]). Here, the Deputy Commissioner, who conducted the hearing, credited the testimony of the City’s medical expert as to causation, and there is no basis to disturb that determination.
 

 Rivera, J.R, Roman, LaSalle and Barros, JJ., concur.