Matter of Redmond v Town of Haverstraw (2019 NY Slip Op 05670)





Matter of Redmond v Town of Haverstraw


2019 NY Slip Op 05670


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-00271
 (Index No. 1077/16)

[*1]In the Matter of John Redmond, petitioner,
v
Town of Haverstraw, et al., respondents.


Bartlett, McDonough & Monaghan, LLP, White Plains, NY (Jason D. Lewis of counsel), for petitioner.
Coughlin & Gerhart, LLP, Binghamton, NY (Paul J. Sweeney and Lars P. Mead of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Town of Haverstraw and the Town of Haverstraw Police Department dated March 14, 2016, which, after a hearing, denied the petitioner's application for benefits pursuant to General Municipal Law § 207-c.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
On July 25, 2013, the petitioner, a police officer in the Town of Haverstraw, was on duty when he was involved in a motor vehicle accident. On October 8, 2014, the petitioner was granted benefits pursuant to General Municipal Law § 207-c for a cervical strain/cervical radiculopathy injury. He subsequently returned to work on a light-duty assignment. On April 1, 2015, the petitioner was examined by a physician on behalf of the respondents, and the physician reported that the petitioner was capable of returning to work on full duty as a police officer without restrictions. On April 8, 2015, the respondents terminated the benefits and directed the petitioner to return to full duty, without restrictions. The petitioner requested a hearing. Following the hearing, the designated hearing officer recommended that the petitioner be granted General Municipal Law § 207-c benefits. However, on March 14, 2016, the respondents issued a final determination denying the petitioner's application for benefits pursuant to General Municipal Law § 207-c. The respondents determined that, based on the entire record, the petitioner was capable of performing his full duties as a police officer. On March 27, 2016, the respondents notified the petitioner of the determination, terminated his light-duty assignment, and directed the petitioner to return to work full time, without restrictions. The petitioner then commenced this CPLR article 78 proceeding, which proceeding was transferred to this Court by order of the Supreme Court dated January 3, 2017.
"Judicial review of an administrative determination made after a hearing at which evidence is taken pursuant to direction of law is limited to a consideration of whether that determination was supported by substantial evidence upon the whole record" (Matter of Campo v City of Mount Vernon, 156 AD3d 694, 694). Pursuant to the applicable procedures, which were negotiated between the respondents and the petitioner's union, while the hearing officer was required to issue findings of fact and make a recommendation on the questions certified to him, the appointing [*2]authority retained full power and authority to render the final determination on the questions. Although the hearing officer's findings are entitled to considerable weight, they are not conclusive and may be overruled by the administrative authority, provided that the final determination is supported by substantial evidence (see Matter of Simpson v Wolansky, 38 NY2d 391, 394; Matter of Stevens v Axelrod, 162 AD2d 1025, 1026).
Here, where the medical evidence was in conflict, it was for the administrative agency to choose between the conflicting opinions, and the courts are not free to reject the choice made by the administrative agency where room for choice exists (see Matter of Campo v City of Mount Vernon, 156 AD3d at 694-695; Matter of Hensel v City of Utica, 115 AD3d 1217, 1218; Matter of Clouse v Allegany County, 46 AD3d 1381, 1382). The testimony and opinion of the physician who examined the petitioner on behalf of the respondents was rational and fact-based and, since a reasonable mind could accept that testimony and opinion, the determination of the respondents is supported by substantial evidence (see Matter of Mankowski v Nassau County, 160 AD3d 739, 742-743; see also 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180).
SCHEINKMAN, P.J., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court