Matter of Alverson v Albany County (2020 NY Slip Op 04621)





Matter of Alverson v Albany County


2020 NY Slip Op 04621


Decided on August 20, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 20, 2020

530759

[*1]In the Matter of James H. Alverson, Petitioner,
v
Albany County et al., Respondents.

Calendar Date: May 18, 2020

Before: Garry, P.J., Clark, Aarons, Pritzker and Colangelo, JJ.


Ennio J. Corsi, New York State Law Enforcement Officers Union, Council 82, AFSCME, AFL-CIO, Albany (A. Andre Dalbec of counsel), for petitioner.
Roemer Wallens Gold & Mineaux LLP, Albany (Matthew P. Ryan of counsel), for respondents.



Clark, J.
Decided and Entered: August 20, 2020 530759
In the Matter of JAMES H.
ALVERSON,
Petitioner,
v MEMORANDUM AND JUDGMENT
ALBANY COUNTY et al.,
Respondents.
Calendar Date: May 18, 2020
Before: Garry, P.J., Clark, Aarons, Pritzker and Colangelo, JJ.
Ennio J. Corsi, New York State Law Enforcement Officers Union, Council 82, AFSCME, AFL-CIO, Albany (A. Andre Dalbec of counsel), for petitioner.
Roemer Wallens Gold & Mineaux LLP, Albany (Matthew P. Ryan of counsel), for respondents.
Clark, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Albany County Sheriff denying petitioner benefits pursuant to General Municipal Law § 207-c.
Petitioner, a deputy sheriff with respondent Albany County Sheriff's Office, was in a work-related motor vehicle accident in June 2011 and, while on leave for his injuries, received benefits under General Municipal Law § 207-c. On May 1, 2017, respondent Albany County received a work abilities checklist from William Montgomery, an orthopedic surgeon, indicating that petitioner was capable of returning to work in a modified work position. As a result, the Sheriff's Office notified petitioner that it was terminating his General Municipal Law § 207-c benefits on May 2, 2017 and offered petitioner a light-duty assignment. Petitioner declined the offer and, as provided for in the governing collective bargaining agreement, requested a hearing.
Following a hearing, at which the "stipulated issue" was whether Albany County had properly terminated petitioner's General Municipal Law § 207-c benefits on May 2, 2017, a Hearing Officer issued a report and recommendation finding that petitioner's benefits had been improperly terminated and recommending that they be reinstated retroactively. Without any explanation or factual findings, respondent Albany County Sheriff rejected the Hearing Officer's report and recommendation. Petitioner then commenced a CPLR article 78 proceeding seeking to, among other things, annul the determination. The matter was transferred to this Court, and we found that the Sheriff's "failure to make any findings or otherwise specify any basis for" his determinations deprived us of the ability to conduct meaningful judicial review (Matter of Alverson v Albany County, 173 AD3d 1415, 1416 [2019]). Consequently, we annulled the determination and remitted the matter to the Sheriff "to address the procedural issues and develop appropriate factual findings" (id.).
Upon remittal, the Sheriff found that petitioner was capable of performing light-duty work and that petitioner's benefits had been properly terminated in accordance with the collective bargaining agreement. Petitioner then commenced this CPLR article 78 proceeding to challenge the Sheriff's determination. After respondents answered, Supreme Court transferred the matter to this Court (see CPLR 7804 [g]).
"Judicial review of an administrative determination made after a hearing at which evidence is taken pursuant to direction of law is limited to a consideration of whether that determination was supported by substantial evidence upon the whole record" (Matter of Campo v City of Mount Vernon, 156 AD3d 694, 694 [2017] [citations omitted]; see Matter of Chase v County of Albany, 127 AD3d 1446, 1447 [2015]). "Substantial evidence consists of 'such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (Matter of Garvey v Sullivan, 129 AD3d 1078, 1082 [2015], lv denied 26 NY3d 916 [2016], quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). "[W]here the medical evidence [is] in conflict, it [is] for the administrative agency to choose between the conflicting opinions, and the courts are not free to reject the choice made by the administrative agency where room for choice exists" (Matter of Redmond v Town of Haverstraw, 174 AD3d 719, 720 [2019]; see Matter of Barkor v City of Buffalo, 148 AD3d 1655, 1656 [2017]).
Here, conflicting medical evidence was presented on the issue of whether petitioner was capable or incapable of performing light-duty work. Evidence from Jose David, petitioner's primary care physician, supported the conclusion that petitioner's work-related injuries rendered him wholly incapable of returning to work in any capacity. Paul Walter, a physician assistant working under David, testified that petitioner would be capable of performing the specific tasks that he would be assigned as part of his light-duty assignment only if petitioner were permitted to take his prescribed pain medications. In contrast, the testimony and independent medical examination report of Steven Weinstein, as well as the work abilities checklist completed by Montgomery, supported the conclusion that petitioner was capable of returning to work in a modified or light-duty capacity.[FN1] The Sheriff expressly credited the work abilities checklist completed by Montgomery and the medical opinion given by Weinstein over the medical evidence presented by petitioner and, based upon that credibility determination, found that petitioner was capable of returning to work in a light-duty capacity. Inasmuch as the Sheriff's resolution of the conflicting medical evidence was rational, fact-based and supported by the record, substantial evidence supports the determination to terminate petitioner's benefits under General Municipal Law § 207-c, notwithstanding the existence of evidence that could support a contrary conclusion (see Matter of Redmond v Town of Haverstraw, 174 AD3d at 720; Matter of Mankowski v Nassau County, 160 AD3d 739, 742 [2018]; Matter of Chase v County of Albany, 127 AD3d at 1447). Accordingly, we confirm the Sheriff's determination.
Garry, P.J., Aarons and Pritzker, JJ., concur.
Colangelo, J. (dissenting).
I respectfully dissent. As the majority notes, petitioner adduced credible medical evidence — namely, the testimony of his primary care physician and a registered physician assistant — in support of his contention that he was incapable of even light-duty work at the time that respondent Albany County Sheriff terminated his General Municipal Law § 207-c benefits. Because, in my view, the Sheriff's determination is not supported by substantial evidence, I would annul.
The so-called "substantial" evidence upon which the majority relies hangs by two threads, one of which, upon analysis, dissolves into mere gossamer, while the other has no probative value at all. The checklist completed by William Montgomery, which purported to clear petitioner for light-duty work, is at best of dubious reliability. Montgomery was not petitioner's treating physician and did not perform a complete examination of him. On the contrary, petitioner had been referred to Montgomery by a wound care specialist to treat only the wounds to petitioner's back and not his other injuries. Petitioner's uncontroverted testimony established that the checklist submitted by Montgomery's office was dated three weeks after what petitioner described as an incomplete examination lasting no more than 10 minutes, was filled out by Montgomery's secretary because Montgomery was out of the office at the time and was signed by Montgomery five days later. In light of these facts, Montgomery's assessment — provided, in effect, by his secretary several days after petitioner was referred to him solely for wound care rather than a work capability evaluation — was of virtually no probative value and, in my view, failed to clear even the low hurdle of substantial evidence (see generally Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045-1046 [2018]; Matter of Ridge Rd. Fire Dist. v Schiano, 16 NY3d 494, 499 [2011]).
The majority's reliance upon the testimony of Steven Weinstein to supply the requisite substantial evidence to support the Sheriff's determination is also misplaced because it speaks only to petitioner's alleged ability to perform light-duty work eight months after the Sheriff terminated his General Municipal Law § 207-c benefits. Weinstein conducted an independent medical examination of petitioner in January 2018. Although Weinstein testified that petitioner could perform work in a light-duty capacity, his opinion fails to establish that petitioner could have performed light-duty work when the offer to do so was made in May 2017. After all, the purpose of the hearing was to determine the propriety of the Sheriff's determination to terminate petitioner's benefits in May 2017, not at some later time, which, as the majority appears to recognize, is reflected in the record by the following stipulated issue: "Did the County of Albany Properly Terminate [Petitioner's §] 207-c Benefits on May 2, 2017." Testimony regarding an examination conducted eight months later as to petitioner's fitness for light-duty work — as opposed to an opinion as to his fitness at the time that the decision was made to terminate his benefits — is, in my view, of no probative value. I do note that Weinstein might have been able to testify as to petitioner's capabilities as of the relevant time frame, as the record reflects that he had access to and reviewed petitioner's medical records. The record also reflects, however, that Weinstein was never asked about, and thus never opined on, petitioner's capability to perform light-duty work in May 2017.
Accordingly, I would find that the determination that petitioner was capable of performing light-duty work in May 2017, resulting in the Sheriff's determination to terminate his General Municipal Law § 207-c benefits, is not supported by substantial evidence and should be annulled (see Matter of Sullivan County Patrolmen's Benevolent Assn., Inc. v County of Sullivan, 173 AD3d 1545, 1547 [2019]; compare Matter of County of Erie v DiNapoli, 180 AD3d 1137, 1140 [2020]; Matter of Farina v County of Orange, 133 AD3d 747, 749 [2015]).
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Although Weinstein conducted his independent medical examination after May 2017, the independent medical examination report details Weinstein's extensive review of petitioner's medical records dating back to the June 2011 accident. Thus, although the date upon which Weinstein's medical opinion was rendered may be relevant to a determination of how much weight should be accorded to his opinion, the weight to be given to competing medical evidence remains "within the sole province of the administrative factfinder" (Matter of Campo v City of Mount Vernon, 156 AD3d at 695; see Matter of Jackson v Barber, 133 AD3d 958, 959 [2015]).