Matter of Sullivan County Patrolmen's Benevolent Assn., Inc. v County of Sullivan (2024 NY Slip Op 00481)

Matter of Sullivan County Patrolmen's Benevolent Assn., Inc. v County of Sullivan

2024 NY Slip Op 00481

Decided on February 1, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 1, 2024

CV-23-0607
[*1]In the Matter of Sullivan County Patrolmen's Benevolent Association, Inc., et al., Petitioners,
v
County of Sullivan et al., Respondents.

Calendar Date:January 17, 2024

Before:Aarons, J.P., Pritzker, Lynch, Fisher and Mackey, JJ.

The Tuttle Law Firm, Clifton Park (James B. Tuttle of counsel), for petitioners.
Roemer Wallens Gold & Mineaux LLP, Albany (Nathaniel J. Nichols of counsel), for respondents.

Pritzker, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent Sullivan County Director of Risk Management denying petitioner Peter Ramos' application for benefits pursuant to General Municipal Law § 207-c.
During the week of August 2, 2021, petitioner Peter Ramos, a detective sergeant, contracted COVID-19 at work and subsequently tested positive on August 10, 2021. As a result, the Sullivan County Department of Health ordered Ramos to quarantine/isolate for 10 days. Ramos was hospitalized from August 21, 2021 through August 28, 2021 for acute hypoxemic respiratory failure due to COVID-19, transaminitis, pneumonia due to COVID-19, hypercoagulable state associated with COVID-19, thrombocytosis and neutrophilic leukocytosis. Prior to returning to work in October 2021, Ramos, on September 17, 2021, applied for benefits under General Municipal Law § 207-c, but respondent Sullivan County Director of Risk Management (hereinafter the Director) denied Ramos' application as untimely pursuant to local law. Ramos' subsequent request for reconsideration was also denied. Following a hearing held pursuant to local law and the parties' collective bargaining agreement, a Hearing Officer recommended upholding the denial of Ramos' application for benefits on the basis that he failed to timely file his application and failed to show good cause to excuse the untimely filing. The Director issued a determination adopting the Hearing Officer's recommendation in its entirety. Petitioners thereafter commenced this CPLR article 78 proceeding to challenge the determination.
"General Municipal Law § 207-c requires certain municipal employers to continue to pay salary or wages to police officers who sustain a disability in the course of their employment" (Matter of Courtenay v Graziano, 173 AD3d 1016, 1017 [2d Dept 2019] [citation omitted]; see Matter of White v County of Cortland, 97 NY2d 336, 339 [2002]; Matter of Trifaro v Town of Colonie, 31 AD3d 821, 821 [3d Dept 2006]). "The statute is remedial in nature and intended to provide a benefit to law enforcement personnel and, as such, is to be construed liberally in favor of such personnel" (Matter of Courtenay v Graziano, 173 AD3d at 1017-1018 [citations omitted]). Although the statute does not provide a procedure for applying for benefits thereunder, a benefits application process may be the subject of collective bargaining and/or local law (see NY Const, art IX, § 2 [c]; Municipal Home Rule Law § 10 [1] [i]; Matter of Courtenay v Graziano, 173 AD3d at 1018; Matter of LaPerche v City of Peekskill, 162 AD3d 665, 667 [2d Dept 2018], lv denied 32 NY3d 906 [2018]; Matter of Doolittle v County of Broome, 220 AD2d 864, 865-866 [3d Dept 1995]; see also Matter of Gizzo v Town of Mamaroneck, 36 AD3d 162, 165 [2d Dept 2006], lv denied 8 NY3d 806 [2007]). "Judicial review of an administrative determination made after a hearing at which [*2]evidence is taken pursuant to direction of law is limited to a consideration of whether that determination was supported by substantial evidence upon the whole record" (Matter of Alverson v Albany County, 186 AD3d 956, 957-958 [3d Dept 2020] [internal quotation marks and citations omitted], lv denied 36 NY3d 901 [2020]; see CPLR 7803 [4]; compare Matter of Courtenay v Graziano, 173 AD3d at 1018; Matter of LaPerche v City of Peekskill, 162 AD3d at 667).
As relevant here, Code of the County of Sullivan § 70-7 requires, among other things, applications for benefits under General Municipal Law § 207-c to be made "within 10 days from the date of the incident alleged to have given rise to the claim of disability or illness, or from the time such condition is discovered, whichever date is later. The [Director] may excuse the failure to file the application within this [10]-day period upon a showing of good cause." On his application for General Municipal Law § 207-c benefits — which was dated September 16, 2021 and received by respondents on September 17, 2021 — Ramos, in response to the question about the "[t]ime, [d]ate, [l]ocation of [i]njury or [i]llness," stated: "On Sept. 9th, 2021, I was informed by my [p]ulmonologist that I may have permanent lung damage as a result of COVID[-19] [p]neumonia. While performing my duties as a Detective Sergeant on Aug. 2nd-6th, 2021 in the Detective Division at the Sullivan County Sheriff's Office, I was exposed to COVID[-19] . . . [and tested] positive for COVID[-19] on Aug. 10, 2021 which developed into COVID [p]neumonia." The Director found that the September 17, 2021 application was untimely because it was not made within 10 days of his alleged work-related incident of August 9, 2021. Under the circumstances presented here, however, it was improper for the Director to use August 9, 2021 as the incident date that commenced the 10-day period within which Ramos was required to file his application for benefits. Ramos' application clearly stated that he was informed on September 9, 2021 about his lung damage stemming from his contraction of COVID-19, and it was on this date that Ramos first discovered the disability (i.e., possible lung damage) that gave rise to his claim and application for benefits. Ramos' September 17, 2021 application was made within 10 days of September 9, 2021, and, accordingly, the determination denying his application for benefits pursuant to General Municipal Law § 207-c is not supported by substantial evidence and must be annulled (cf. Matter of LaPerche v City of Peekskill, 162 AD3d at 668; see also Matter of Sullivan County Patrolmen's Benevolent Assn., Inc. v County of Sullivan, 173 AD3d 1545, 1547 [3d Dept 2019]). In light of our determination, petitioners' remaining contentions need not be addressed.
Aarons, J.P., Lynch, Fisher and Mackey, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted and matter remitted to respondent Sullivan County [*3]Director of Risk Management for further proceedings not inconsistent with this Court's decision.